UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VLADIMIR BARKHUDAROV, | Court File No. 10-3352 (MJD/AJB) |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION** |
| FAIRVIEW HEALTH SERVICES | **AND ORDER** |
| Defendants. | |

---

Plaintiff appeared *pro se*.

Barry G. Vermeer and Henry A. Parkhurst, Gislason & Hunter LLP, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss.

### I. Factual Background

Plaintiff Vladimir Barkhudarov is an individual domiciled in Burnsville, Minnesota. (Am. Compl. ¶ 7.) Defendant Fairview Health Services ("Fairview"), is a health care network with business locations throughout Minnesota, including a clinic in Burnsville, Minnesota designated as "Fairview Ridges Clinic." (Am. Compl. ¶¶ 8–9.)

From 2002 through 2004, Plaintiff and his wife, Nina Gorokhova, sought and obtained medical treatment from Fairview Ridges Clinic. (Am. Compl. 21–23.) Plaintiff is currently 68 years old and suffers from multiple medical conditions including cancer and osteoarthritis. (Am. Compl. ¶¶ 7, 20–21.) On April 28, 2004, Plaintiff and his wife

1

visited with Dr. Frank Kirshbaum at the Fairview Ridges Clinic. (Am. Compl. ¶ 23.) During that visit, an altercation took place between Plaintiff, his wife and Dr. Kirshbaum. Plaintiff asserts that Dr. Kirshbaum "engaged in unusual, outrageous behavior," and treated Plaintiff and his wife "roughly." (Am. Compl. ¶ 24.)

At the conclusion of the April 28, 2004 visit, Dr. Kirshbaum informed Plaintiff and his wife that Fairview Ridges Clinic would no longer provide them medical services. (Am. Compl. ¶ 24.) Plaintiff immediately appealed Dr. Kirshbaum's decision to James Hornibrook, the administrator at Fairview Ridges Clinic. (Am. Compl. ¶ 26.) Hornibrook confirmed that Fairview Ridges Clinic would no longer provide medical services to Plaintiff and his wife. (Am. Compl. ¶ 27.) Plaintiff alleges that Hornibrook also roughly pushed Plaintiff and physically forced him and his wife out of the Clinic. (Am. Comp. ¶ 28.)

Approximately two weeks later, on May 13, 2004, Plaintiff received a letter from Fairview Ridges Clinic terminating Plaintiff's previously scheduled appointments. (Am. Compl. ¶ 31.) The letter also stated that Plaintiff could not seek emergency care from Fairview Ridges Clinic. (Am. Compl. ¶ 31.)

On July 20, 2005, Plaintiff filed suit in Dakota County District Court against Dr. Kirshbaum and Hornibrook ("the 2005 defendants"). (*See* Court File No. 19-CL-05-8561 [Doc. No. 26, Exh. A].) Interpreting the asserted claims as sounding in medical malpractice, counsel for the 2005 defendants wrote to Plaintiff requesting compliance with Minn. Stat. § 145.682. (*See Gorokhova v. Kirshbaum*, No. A05-2549, 2006 WL 3490799, at *1 (Minn. Ct. App. Dec. 5, 2006) [Doc. No. 26, Exh. B at 2].) This statute

provides that for any action alleging medical malpractice, a plaintiff must either submit an attorney affidavit which states either that the attorney reviewed the facts of the case with a qualified expert whose opinion is that "one or more defendant deviated from the applicable standard of care and by that action caused injury to plaintiff" or that such an expert opinion could not be provided before the action was commenced because of the applicable statute of limitations. Plaintiff failed to provide such an affidavit, and the 2005 defendants moved to dismiss. (*Id.*) The district court held that the claims were in the nature of medical malpractice claims, and granted the motion to dismiss as Plaintiff failed to submit the required affidavit pursuant to Minn. Stat. § 145.682. (*Id.*) The court dismissed Plaintiff's claims without prejudice. (*Id.*)

Plaintiff appealed, and the Minnesota Court of Appeals affirmed, with modification. (*Id.* at *3 [Doc. No. 26, Exh. B at 4–6].) The appellate court agreed with the district court that the claims were in essence allegations of medical malpractice, as such term is construed broadly pursuant to Minnesota law, and that such claims could not survive in the absence of an expert affidavit. (*Id.*) However, the appellate court stated that

> [u]nder the terms of [Minn. Stat. § 145.682, subd. 6(a)], the failure to provide the affidavit within 60 days of its demand, upon the motion of the defendant, results in "mandatory dismissal *with prejudice* of each cause of action as to which expert testimony is necessary to establish a prima facie case."

(*Gorokhova*, No. A05-2549 at *3 (emphasis added) [Doc. No. 26, Exh. B at 5–6]). Accordingly, the judgment was amended so as to dismiss the underlying claims with prejudice. (*Id.*)

3

Subsequent to the 2005 case, Plaintiff sent a letter to Sally Wahman, Vice President of Clinic Operations for Fairview, seeking review.  (Am. Compl. ¶ 35.)  On March 3, 2005, Wahman replied that she reviewed and approved of the actions taken by Fairview Ridges Clinic with respect to his case.  (Am. Compl. ¶ 37.)  On October 22, 2007, Plaintiff wrote to Mark Eustis, President and CEO of Fairview Health Services, seeking review.  (Am. Compl. ¶ 42.)  On October 22, 2007, Eustis replied that he had reviewed and approved of the actions taken by Fairview Ridges Clinic with respect to Plaintiff's case.  (Am. Compl. ¶¶ 43–44.)

On October 23, 2008, Plaintiff filed suit in Hennepin County District Court against Fairview.  (Am. Compl ¶ 10.)  In that complaint, Plaintiff alleged that he and his wife are elderly, and that Fairview's decision to cease providing them medical services violated both Title III of the American with Disabilities Act and the Minnesota Human Rights Act.  (*See* Court File No. 27-CV-08-27308 [Doc. No. 26, Exh. C ¶¶ 20-22].)  Fairview moved to dismiss the action on a number of bases.  (Court File No. 27-CV-08-27308 [Doc. No. 26, Exh. D].)  The district court granted the motion and dismissed the action with prejudice finding that Plaintiff's claims were barred by res judicata, and that Plaintiff had failed to state a claim for which relief could be granted.  (Court File No. 27-CV-08-27308 [Doc. No. 26, Exh. E].)  In determining that the claims were barred by the doctrine of res judicata, the court applied the four factor test set forth in *State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001).  (*Id.* at 6.)  These factors are as follows:

> (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on

the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.*

Specifically, the court found that both cases arose from the same operative facts, and that both cases involved the same parties or those in privity with one another. The court noted that no assertion had been made in the 2005 case that the defendants were acting outside of the scope of their employment at Fairview Ridges Clinic, thus Fairview was ultimately responsible for the actions of the 2005 defendants. (Court File No. 27CV08-27308 [Docket No. 26 Exh. E].) The court then found that there was a final judgment entered as to the merits in the 2005 case, and that Plaintiff had a full and fair opportunity to litigate his claims. (*Id.*) Plaintiff appealed, and the Minnesota Court of Appeals affirmed, finding the case was barred by res judicata. (Court File No. A09-1508 [Doc. No. 26, Exh. F].)

Subsequently, Plaintiff again wrote to Mark Eustis, seeking review. (Am. Compl. ¶ 48.) On July 24, 2009, Eustis again replied that he had reviewed and approved of the actions taken by Fairview Ridges Clinic with respect to his case. (Am. Compl. ¶ 49.)

On August 5, 2010, Plaintiff filed the instant action against Fairview. (Compl. [Docket No. 1].) On September 30, 2010, Plaintiff filed an amended complaint alleging the following fifteen counts:

Count 1: Violation of the Eighth Amendment to the United States Constitution. (Am. Compl. ¶¶ 53–64.)

Count 2: Violation of Title VI of the Civil Rights Act of 1964. (Am. Compl. ¶¶ 65–70.)

Count 3: Violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181–89. (Am. Compl. ¶¶ 71–80.)

Count 4: Violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (Am. Compl. ¶¶ 81–86.)

Count 5: Retaliation and Coercion, 42 U.S.C. § 12203; 28 C.F.R. 36.206. (Am. Compl. ¶¶ 87–95.)

Count 6: Violation of the Age Discrimination Act of 1975, 45 C.F.R. part 90, 91; sec. 102 of the Civil Rights Act of 2004. (Am. Compl. ¶¶ 96–102.)

Count 7: Violation of Civil Rights Restoration Act of 1988. (Am. Compl. ¶¶ 103–109.)

Count 8: Negligent Infliction of Emotional Distress. (Am. Compl. ¶¶ 110–119.)

Count 9: Civil Conspiracy. (Am. Compl. ¶¶ 120–129.)

Count 10: Violation of Patient's Bill of Rights (42 C.F.R. Part 482.) (Am. Compl. ¶¶ 130–135.)

Count 11: Violation of Minnesota Consumer Fraud and Deceptive Trade Practices Act, Minn. Stat. § 325F.69, et seq., § 325D.43 et seq. (Am. Compl. ¶¶ 136–145.)

Count 12: Violation of Personal Privacy and Confidentiality. (Am. Compl. ¶¶ 146–151.)

Count 13: Defamation and Slander. (Am. Compl. ¶¶ 152–159.)

Count 14: Intentional Infliction of Emotional Distress. (Am. Compl. ¶¶ 160–172.)

Count 15: Fraud.  (Am. Compl. ¶¶ 173–183.)

## II. Discussion

### A. Res Judicata

Federal courts must give state court judgments the same preclusive effect that those judgments would be given in the courts rendering them.  *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 458 F.3d 733, 737 (8th Cir. 2006).  The doctrine of res judicata "is a finality doctrine that mandates that there be an end to litigation." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).  "Under res judicata, a party is 'required to assert all alternative theories of recovery in the initial action." *Id.* The doctrine thus applies to all claims litigated, as well as to those claims that could have been litigated in the initial action.  *Id.*

> Res judicata applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.*

As discussed above, a Minnesota district court and the Minnesota Court of Appeals have conducted a res judicata analysis of the claims asserted in the 2005 and 2008 cases, and found that the claims asserted in the 2008 case were barred.  After comparing the claims asserted in this action with the claims asserted in both the 2005 and 2008, it is clear that that all claims asserted herein are also barred by res judicata.  The operative facts are the same as in the prior cases, the parties are the same or their privities, a final judgment was rendered in the first action, and from the record, it appears

that Plaintiff was given a full and fair opportunity to litigate his claims. While this action includes causes of actions not previously asserted, the doctrine of res judicata requires a plaintiff to bring all causes of action in the initial action. Accordingly, the Court finds that Fairview's motion to dismiss must be granted

### B. Statute of Limitations

Fairview asserts that the Amended Complaint should be dismissed for the additional reason that all fifteen counts are time barred. As noted above, all of Plaintiff's claims arise from Fairview's decision to cease providing medical services to Plaintiff and his wife in 2004, over six years ago. The statute of limitations in Minnesota for medical malpractice claims is four years. Minn. Stat. § 541.076 (b); *Fabio v. Bellomo*, 504 N.W.2d 758, 762 (Minn. 1993) (finding that a medical malpractice cause of action accrues when the physician's treatment for the particular condition ceases); *Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 291 Minn. 145, 149, 190 N.W.2d 77, 80 (1971); *Schmit v. Esser*, 183 Minn. 354, 358, 236 N.W. 622, 624–25 (1931). Accordingly, Plaintiff's claims must be dismissed for the additional reason that they are time-barred.

### C. Plaintiff's Motion for Sanctions

After hearing oral arguments from the parties on the motion to dismiss, Plaintiff filed a motion for sanctions, arguing that the motion to dismiss is frivolous. Plaintiff's motion for sanctions appears to be based on a misunderstanding of the law governing his claims, as well as a misunderstanding of the law governing claim preclusion or res judicata. As discussed above, the doctrine of res judicata is meant to provide an "end to

litigation." Plaintiff has now filed three actions arising from the same operative facts. It is time for this litigation to end. Plaintiff's motion for sanctions must be denied.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 23] is GRANTED. The Amended Complaint is DISMISSED WITH PREJUDICE. Plaintiff's Motions for Sanctions [Doc. No. 42] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: December 23, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court